UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN SIMEON                                                                               PETITIONER

v.                                                               CIVIL ACTION NO. 3:10-CV-541-S

STEVE HANEY, WARDEN                                                                    RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the court on John Simeon's *pro se* petition for a writ of habeas corpus, under 28 U.S.C. § 2254. The petitioner seeks habeas relief on grounds, including prosecutorial misconduct, double jeopardy, and ineffective assistance of counsel. The respondent argues the petition should be dismissed on the merits and, in part, under the doctrine of procedural default. The petitioner has filed a reply disputing these defenses. The court referred this matter to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C.§ 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge will recommend that the court deny the petition.

## I. FINDINGS OF FACT

1)      After a jury trial in Bullitt Circuit Court, the petitioner was convicted on January 5, 2005 of first, second, and third-degree sexual abuse and second and third-degree sodomy, a total of five counts. The petitioner was sentenced to serve the felony offenses consecutively, totaling twenty years' imprisonment. The petitioner appealed, and the Supreme Court of Kentucky affirmed on February 22, 2007.[1]

2)      The petitioner filed a motion to vacate the judgment, on November 8, 2007, under

---

[1] The petitioner's first trial ended in a mistrial. *Simeon v. Commonwealth*, 2007 WL 541912 at *1 (Ky. 2007).

Rule 11.42 of the Kentucky Rules of Criminal Procedure, on grounds of ineffective assistance of counsel. The trial court appointed counsel to represent the petitioner and held an evidentiary hearing. Both the petitioner and his trial counsel testified. The trial court denied relief on November 12, 2008.[2] The petitioner appealed, and the Kentucky Court of Appeals affirmed on April 31, 2010.

3)  This federal petition timely ensued.

## II. CONCLUSIONS OF LAW

**A. Standard of Review**

4)  The federal habeas statute, as amended in the Antiterrorism and Effective Death Penalty Act of 1996, provides relief from a state conviction if the petition satisfies one of the following conditions:

> the [state court's] adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This statute further provides that state court determinations of fact are presumed to be correct. § 2254(e)(1).

5)  In recent years, the Supreme Court of the United States has carefully distinguished federal habeas review from review on direct appeal, particularly when the state court articulates the correct legal rule in its review of a claim. In this situation a "federal habeas

---

[2] Petition, attached document 1-2 at 5, order, Mar. 9, 2009.

court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams (Terry) v. Taylor*, 529 U.S. 362, 411 (2000); *see also Tolliver v. Sheets*, 594 F.3d 900, 916 (6th Cir. 2010) (stating that a dual finding, incorrectness and unreasonableness, are essential elements to habeas relief.)

6) In the same vein, a federal habeas court may not substitute its evaluation of the state evidentiary record for that of the state trial court unless the state determination is unreasonable. *Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (stating, "Reasonable minds reviewing the record might disagree ... but on habeas review that does not suffice to supercede the trial court's credibility determination.").

**B. Background**

7) The victim, A.B., who is the petitioner's step-daughter, testified at trial that the petitioner began sexually abusing her when she was eleven until age fourteen, between the years 2000 and 2002. At trial, the prosecution also presented testimony from the victim's half-sister, K.W., the petitioner's biological daughter. K.W. testified that when she lived in the family home until 1986, the petitioner similarly abused her, between the ages of twelve and fourteen.[3] After conviction, the petitioner unsuccessfully appealed the trial court ruling that K.W.'s testimony of the petitioner's prior bad acts was admissible under the Kentucky Rule 404(b) of Evidence.[4] The Kentucky Supreme Court rejected the petitioner's argument that the K.W.'s testimony described sex acts which were remote, dissimilar, and unfairly prejudicial. After extensive analysis, the

---

[3]The petitioner was convicted of crimes for these acts in 1986 and received a five-year sentence, which was shock probated after 31 days' incarceration.

[4]Response at 9 (DN 13).

-3-

court readily concluded that the evidence of prior acts "revealed enough 'striking similarities' to establish a reasonable probability that the acts were committed by the same person."[5]

8) On direct appeal, the petitioner presented one other state-law claim relating to testimony during the penalty phase. Collateral review was limited procedurally to claims which could not have been raised on direct review, i.e., ineffective assistance of counsel.

**C. Procedural Default**

9) The respondent argues that the petition contains three grounds which have been asserted for the first time and that federal review is, therefore, not available under the doctrine of procedural default. This doctrine holds that on federal habeas review "claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error," *House v. Bell*, 547 U.S. 518, 536 (2006); *Tolliver v Sheets*, 594 F.3d 900, 928 (6th Cir. 2010), or shows that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case, *Seymour*, 224 F.3d at 549-50 (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)).

10) The petitioner argues that appellate counsel's failure to raise these claims on direct review constitutes ineffective assistance sufficient to excuse his default.[6] A claim of counsel error may provide sufficient cause and prejudice to excuse a default only if there is a reasonable probability that a petitioner would have prevailed had a claim been raised and that the failure to raise it constituted ineffective assistance of counsel. *McFarland v. Yukins*, 356 F.3d 688, 699-700 (6th Cir. 2004).

---

[5]*Simeon v. Commonwealth*, 2007 WL 541912 (Ky., Feb. 22, 2007).

[6]Petitioner's Response at 7 (DN 16).

11) A claim of ineffective assistance of counsel requires the petitioner to show that counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Sneed v. Johnson*, 600 F.3d 607, 610 (6th Cir. 2010). Counsel's performance is deficient if it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. And, prejudice occurred if there is a reasonable probability the result of the proceeding would have been different but for counsel's unprofessional errors. *Id.*, at 694. For appellate counsel, specifically, the petitioner must demonstrate that appellate counsel's decision not to raise a claim was objectively unreasonable. *Id., (*citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984))*; see also Mapes v. Coyle,* 171 F.3d 408, 427 (6th Cir. 1999). In accordance with the *Strickland*, the court must apply a strong presumption that counsel "made all significant decisions in the exercise of reasonable professional judgment" as well as make a determination by considering the range of possible reasons counsel may have had for proceeding as counsel did. (*Cullen*, 131 S.Ct. at 1407). No defendant is entitled to error-free representation but instead may prevail on an ineffective assistance claim only upon a showing of gross incompetence where counsel is not functioning as counsel guaranteed under the Sixth Amendment. Tactical choices regarding issues to include on appeal are properly left to the sound professional judgment of counsel. *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

12) The magistrate judge concludes the petitioner cannot meet this standard. The forfeited claims contained in this federal petition are issues that appellate counsel reasonably concluded did not merit inclusion in his brief on direct appeal. Two claims are for prosecutorial misconduct. First, the petitioner claims the prosecuting attorney criminally charged A.B.'s mother with aiding the petitioner and then coerced her to cooperate under threat of putting her

two daughters into foster care. The petitioner further contends the mother was forced to file for divorce to win back custody of A.B. from foster care.[7] Second, the petitioner claims the commonwealth withheld evidence of medical records of psychologists who treated A.B. The petitioner contends these records omitted any reference to sexual abuse or bad acts by the petitioner.[8] The magistrate judge concludes that in view of the victim's testimony, and other evidence at trial, of sexual abuse and sodomy – evidence which the jury found to be credible – the petitioner's allegations of prosecutorial conduct pale in comparison and fail to undermine confidence in the trial's outcome. *See Hamblin v. Mitchell*, 354 F.3d 482, 494 (6th Cir. 2003) (stating a prosecutor's misconduct must be of such degree that the defendant was denied a fundamentally fair trial.)

13) Third, the petitioner claims three jury members were biased by their acquaintance with the petitioner and other attorneys involved in the case and that the trial judge's comments during trial demonstrated bias.[9] The claim of judicial bias completely lacks merit – the comments are consistent with a trial judge's impartiality. Any error of the trial court related to juror bias, given the petitioner's vague allegations, is likewise of speculative merit and certainly far short of showing reversible error, in view of the strength of the prosecution's case.

14) The magistrate judge thus concludes that federal review of grounds one, two and four in the petition is foreclosed because the petitioner's claims of attorney error fall far short of ineffective assistance or cause and prejudice sufficient to excuse the default.

---

[7] Petition, Ground One: Witness Coercion

[8] Petition, Ground Two: Withheld Psychologists' 2001, 2002 Records

[9] Petition, Ground Four: Jury Selection

**D. Double Jeopardy**

15) The petitioner claims the jury impermissibly heard of his prior conviction, twenty years' previous, and in violation of his right against double jeopardy. The respondent clarifies that during the guilt of phase of trial, the jury heard the testimony of the petitioner's daughter, K.W., but was not informed that the petitioner had been convicted of sexual abuse in 1986 as result of her claims. In any event, the petitioner's claim does not implicate the Double Jeopardy Clause of the Fifth Amendment but is a challenge to the state court determination that such testimony was admissible under state rules of evidence. The magistrate judge agrees that this claim wholly lacks merit.

16) First, the petitioner misapprehends the meaning of double jeopardy. Double jeopardy protection prohibits a single sovereign's successive prosecutions or multiple punishments for the same offense and, essentially, bars a court from imposing more punishment under a criminal statute than the legislature intended. *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). The introduction of K.W.'s testimony does not implicate the Double Jeopardy Clause but is simply a matter of state evidentiary law. Second, it is not the province of a federal habeas court "to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As a result, "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

17) The magistrate judge will recommend dismissing this claim on the merits.

**E. Ineffective Assistance of Counsel**

18) The petitioner asserts essentially five claims of attorney error at trial: 1) that his attorney suffered an epileptic seizure requiring emergency treatment during trial and that he was impaired for the remainder of the trial; 2) that counsel failed to conduct an adequate investigation and to marshal character witnesses and to hire an investigator; 3) that counsel failed to retain a rebuttal psychologist to testify to the victim's mental health; 4) that counsel failed to object to leading questions; 5) and that counsel's decision not to call the petitioner's son during the guilt phase of trial hampered his defense. The petitioner also claims trial counsel provided a "poor defense."

19) After an evidentiary hearing on these claims, the state court determined that there was no evidence of a medical impairment, inadequate investigation or preparation of a defense, including a decision not to obtain expert testimony from a psychologist, and that in view of counsel's testimony, the challenged decisions were tactical in nature and objectively reasonable. The state court further determined that the petitioner was unable to articulate what testimony his son could have provided during the guilt phase, much less show a reasonable probability that such testimony would have altered the trial. Finally, the state court determined there was no evidence that counsel provided a poor defense.

20) A habeas petitioner is entitled to a writ if the state court's rejection of the ineffective assistance claim was contrary to, or involved an unreasonable application of *Strickland*, or rested on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Sneed*, 600 F.3d at 610. "To satisfy the prejudice element of *Strickland*, a petitioner must prove that there is a reasonable probability that, but for

-8-

counsel's unprofessional errors, the result of the proceeding would have been different." *Jackson v. Bradshaw*, 681 F.3d 753 (6th Cir. 2012) (internal quotations omitted). In turn, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When deciding whether counsel's errors prejudiced a defendant, the court "must consider the totality of the evidence before the ... jury," on the assumption that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.,* at 695.

21)     The magistrate judge concludes the state court's rejection of the ineffective assistance of counsel claims did not involve a determination that was contrary to, or an unreasonable application of, *Strickland* nor did the state court's conclusion involve an unreasonable determination of fact. The magistrate judge will therefore recommend dismissing these claims on the merits.

### III. RECOMMENDATION

The magistrate judge recommends that the court deny the petition, in part on the basis of procedural default, and for failure to satisfy the conditions for granting habeas relief under § 2254(d) and (e).

### IV. CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether a certification of appealability should issue. Before seeking an appeal, a habeas petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*,

529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The magistrate judge concludes no reasonable jurist could find debatable the conclusion that the claims in this petition are, in part, procedurally defaulted, and fail on the merits. Therefore, the magistrate judge recommends denying a certificate of appealability.

DATE:

Copies to Petitioner, *pro se*,
and Counsel of Record

**N O T I C E**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.